UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Mr. Samuel Damon Hailey, President and CEO, Arabic Numbers, Inc., | ) | C/A No. 4:05-3323-RBH-TER |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Report and Recommendation |
| Don Gore; R. Sutter; P. Tanner; Troy Spivey; Jose Demeglic; Michael E. Suggs; Donna Elder; and Q. Tucker, | ) ) ) ) ) ) ) ) ) | |
| Defendant(s). | ) | |

This is a civil action filed *pro se*.[1] Plaintiff has not paid the $250.00 filing fee. Instead, he has filed a Motion to Proceed *In Forma Pauperis* (*IFP*). Entry 4. Because the answers to the questions contained on the form Motion submitted appear indefinite and incomplete given Plaintiff's asserted "title" of "President and CEO, Arabic Numbers, Inc.," following initial review of this case, special interrogatories were submitted to Plaintiff in order to collect further and more detailed financial information required for a proper consideration of his *IFP* Motion. *See* Entry 6, attachment 1. Plaintiff has now submitted his Answers to the Court's Special Interrogatories, Entry 7, which, unfortunately, fail to provide the type of detailed financial information requested about his relationship to and possible income from his position with "Arabic Numbers, Inc." In response to the Court's interrogatory:

In your application to proceed *in forma pauperis*, in answer to question 5, you state

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and Local Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and submit findings and recommendations to the District Court. *See also* 28 U.S.C. § § 1915(e)(2); In Re Prison Litigation Reform Act, 105 F.3d 1131, 1134 (6th Cir. 1997)(*pro se* pleadings by non-prisoners should also be screened).

> that you own and operate a "company" known as Arabic Numbers, Inc., yet you fail to provide a valuation of that company as also requested in that question. You must provide complete information in your application. **With respect to Arabic Numbers, Inc., please provide the Court with complete information about the value of this company.** For example, state whether you receive compensation from the company; whether the company maintains funds in bank accounts or elsewhere and, if so, in what amount; state how much money you (or others) have received within the last year from this company; and provide any other reliable and available information as to the value of the company such as information from tax or state regulatory filings, etc.,

Plaintiff's complete response is, "Non-Profit organization company which maintain an bank accounts 'to be determined.' " Entry 7, answer 1. This cryptic "answer" is not responsive to the very specific financially related questions contained in the interrogatory. Furthermore, the numerous documents submitted by Plaintiff, which appear to be partially completed forms from other federal courts and/or agencies and various correspondence to and from the United Nations, the International Court of Justice, and officials and/or agencies of several foreign nations provide none of the financial information sought from Plaintiff through the issuance of the Court's Special Interrogatories.[2]  The other documents submitted by Plaintiff appear to be Horry County Court-related documents which support Plaintiff's answers to the second and third interrogatories, which are not financially related inquiries.

Because Plaintiff, despite being given the specific opportunity to supplement his clearly incomplete financial information originally submitted in his *IFP* Motion, has completely failed to provide the information requested by the Court, he should not be permitted to pursue this case without first paying the $250.00 filing fee. A litigant is not required to show that he is completely destitute in order to qualify as an indigent within the meaning of 28 U.S.C. § 1915(a). See <u>Adkins v. E. I. Du Pont de Nemours & Co.</u>, 335 U.S. 331, 337-44 (1948) (unanimous decision) (Black, J.). However, grants or denials of applications to proceed *IFP* are left to the discretion of federal district courts. See <u>Dillard v. Liberty Loan Corp.</u>, 626 F.2d 363, 364 (4th Cir. 1980). One district

---

[2] Review of these submitted documents indicates that they are irrelevant to the *IFP* issue in this case; however, they should be filed by the Clerk of Court as of the date of the Order entered in this case in connection with this Report and Recommendation.

court has observed that the appropriate disposition of § 1915 applications is not always clear: " '[T]here are no 'magic formulas' for making the determination that the requisite in forma pauperis status is present, but instead, there is required a careful scrutiny and weighing of all of the relevant facts and circumstances involved in each particular situation.' " Carter v. Telectron, Inc., 452 F. Supp. 939, 942 (S.D. Tex. 1976) (quoting Dreyer v. Jalet, 349 F. Supp. 452, 459 (S.D. Tex. 1972)).

In Carter, the district court, citing Adkins and cases in the Third and Fifth Circuits, set forth three legal tests that courts have used to evaluate *IFP* applications, in exercising their discretion under 28 U.S.C. § 1915(a):

(1)  Is the litigant "barred from the Federal Courts by reason of his impecunity?"

(2)  Is his "access to the courts blocked by the imposition of an undue hardship?"

(3)  Is the litigant "forced to contribute his last dollar, or render himself destitute to prosecute his claim?"

452 F. Supp. at 943.

As has been noted many times, the "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." Brewster v. North American Van Lines, Inc., 461 F.2d 649, 651 (7th Cir. 1972); *see also* Failor v. Califano, 79 F.R.D. 12, 13 (M.D. Pa. 1978); and Thomas v. Califano, 79 F.R.D. 14, 14-15 & n.2 (M.D. Pa. 1978).  In order to properly exercise the discretion given, however, the Court must be given fully complete and fully truthful financial information from the Plaintiff.

Upon a review of all the information before the Court, and mindful of the tests set forth in Carter, it does not appear that Plaintiff would be barred from the federal courts because he simply does not have the money for the filing fee of $250.00, nor that paying that fee would effectively block his access to the courts by imposing on him an "undue hardship," nor that the fee would wring from him his last dollar or essentially render him destitute.  This is true because Plaintiff

3

has, for whatever reason, refused and failed to provide the specific information about his "non-profit corporation" that was requested under Special Interrogatory. As a result, this Court will not grant his *IFP* Motion due to the incomplete and questionable information contained therein, which Plaintiff failed to clarify in answer to the Special Interrogatories. Under the circumstances, Plaintiff must " 'confront the initial dilemma which faces most other potential civil litigants: Is the merit of the claim worth the cost of pursuing it?' " Carter, 452 F. Supp. at 944 (quoting Carroll v. United States, 320 F. Supp. 581, 582 (S.D. Tex. 1970)).

Furthermore, even if Plaintiff had paid the filing fee or if his *IFP* Motion were sufficient detailed to permit the exercise of the Court's discretion to grant it, this *pro se* case would still be subject to summary dismissal without service due to frivolity. Although Plaintiff names numerous individuals as Defendants in his Complaint, the following quotation is Plaintiff's entire "statement of claim":

> I stated upon my arrest that there was stipulations under my name considering federal protocol. Nevertheless, state department or law enforcement agencies refuse too contemplate my legal status in a court of law.

The following quotation is Plaintiff's entire request for relief:

> Hopefully, the court reprimand on public apology and legal suit follow accordingly. Against ethic principle referring my constitutional rights.

Complaint, at 3, 5.

As can be seen from the sparse allegations quoted above, Plaintiff does not allege any specific wrongdoing by any of the named Defendants anywhere within his Complaint, nor does he show that his Horry County criminal conviction has been overturned. This is fatal to his case.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint filed by Plaintiff in this case. The review was conducted pursuant to 28 U.S.C. § 1915 (as amended), and other provisions in the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25

4

(1992); Neitzke v. Williams, 490 U.S. 319 (1989); Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).

This Court is required to construe *pro se* complaints liberally. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, *see* Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *See* Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975). The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See* Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir. 1990).[3] Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).

First, the Complaint filed by Plaintiff is subject to summary dismissal for frivolity because, as shown above, there are absolutely no allegations of wrongdoing contained in the Complaint against any of the Defendants. Although it may be liberally construed that Plaintiff believes that his constitutional rights were violated by some person or persons involved in the investigation and prosecution of his criminal case, and that the people he named as Defendants might have been somehow involved, there are simply no allegations from which it can be determined which Defendant did what to Plaintiff. Furthermore, Plaintiff does not specify when or where such

---

[3]The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).

5

supposed violations occurred or under what circumstances they took place. Under the provisions of the Prison Litigation Reform Act, more specifically 28 U.S.C. § 1915(e)(2)(B), this Court should dismiss an action filed by a prisoner which is "frivolous" or "fails to state a claim on which relief may be granted." Since there are no allegations of any wrongdoing on the part of any Defendant is both frivolous and fails to state a claim on which relief can be granted as to this "Defendant." *See* Cochran v. Morris, 73 F.2d 1310 (4th Cir. 1996)(statute allowing dismissal of *in forma pauperis* claims encompasses complaints that are either legally or factually baseless); Weller v. Dep't of Social Servs., 901 F.2d 387, 389 (4th Cir. 1990)(dismissal proper where there were no allegations against defendants).

Second, even if the Court were to fill in the obvious blanks in Plaintiff's pleading and very liberally construe his claims as otherwise sufficient, the Complaint filed in this case alleges that Plaintiff was prosecuted and convicted for distribution of an imitation substance in Horry County, South Carolina. Horry County Case no. 2005-GS-26-958. He indicates that an appeal of that conviction is currently pending in the South Carolina Court of Appeals. Though his words are not really clear, it appears that Plaintiff is contending that his federal constitutional rights were violated during the criminal prosecution. His answers to the Court's Special Interrogatories and the attachments thereto show that this conviction has not been overturned at this point although Plaintiff does appear to be pursued post-conviction relief.

With respect to actions filed pursuant to 42 U.S.C. § 1983 such as the present one which at least inferentially alleges constitutional violations and/or other improprieties in connection with state criminal charges,[4] the United States Supreme Court has written:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose

---

[4] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *See* Jennings v. Davis, 476 F.2d 1271 (8th Cir. 1973). The purpose of section 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *See* McKnight v. Rees, 88 F.3d 417(6th Cir. 1996)(emphasis added).

6

>  unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); *see also* Ballenger v. Owens, 352 F.3d 842 (4th Cir. 2003)(Heck generally applies where search and seizure issues are raised);[5] Woods v. Candela, 47 F.3d 545 (2d Cir.1995)(plaintiff's conviction reversed by state court in 1993; hence, civil rights action timely filed); Treece v. Village of Naperville, 903 F. Supp. 1251 (N.D. Ill. 1995); Seaton v. Kato, 1995 WL 88956 (N.D. Ill., February 28, 1995); Smith v. Holtz, 879 F. Supp. 435 (M.D. Pa. 1995). By the above statements, the United States Supreme Court ruled that until a criminal conviction is set aside by way of appeal, PCR, habeas, or otherwise, any civil rights action based on the conviction and related matters will be barred. Since Plaintiff has not been successful in his attempts to have his Horry County conviction set aside, he cannot sue any of the Defendants because of their involvement in his arrest and ultimate conviction. *See* Johnson v. Freeburn, 29 Fed.Supp.2d 764, 772 (S.D.Mich. 1998)(under Heck v. Humphrey, nature of relief sought is not critical question; rather, it is the grounds for relief); *see also* Clemente v. Allen, 120 F.3d 703 (7th Cir. 1997)(injunctive relief sought). As a result, even if Plaintiff had paid the filing fee or had been granted *IFP* status, this case would still be subject to summary dismissal as to all Defendants without issuance of service of process.

---

[5]*See also* Booker v. Kelly , 888 F. Supp. 869 (N.D. Ill. 1995); Perkins v. Orr, No. 9:04-835-08, 2004 WL 3217867, *3+ (D.S.C. Jul 01, 2004) (unpublished opinion).

## **Recommendation**

Accordingly, because Plaintiff has not paid the filing fee and, despite being given the opportunity to supplement his Motion, has failed to show that he is entitled to proceed *IFP*, it is recommended that the District Court deny the Motion to Proceed *In Forma Pauperis* (*IFP*). Entry 4. Additionally, because the allegations in the Complaint fail to state a viable claim, it is further recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. *See* Denton v. Hernandez; Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe, 998 F.2d 201, 202-04 & n. * (4th Cir. 1993); Boyce v. Alizaduh; Todd v. Baskerville, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B). Plaintiff's attention is directed to the important notice on the next page.

Respectfully submitted,

s/Thomas E. Rogers, III

Thomas E. Rogers, III
United States Magistrate Judge

May 5, 2006
Florence, South Carolina

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
## &
## The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-71 (1976); Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D. Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. *See* Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991); *see also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard,, the court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"; which involved a *pro se* litigant); Goney v. Clark, 749 F.2d 5, 7 n. 1 (3d Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins; Small v. Secretary of HHS, 892 F.2d 15, 16 (2d Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
P. O. Box 2317
Florence, South Carolina 29503