IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Mr. Samuel Damon Hailey, President and CEO, Arabic Numbers, Inc., ) | Civil Action No.: 4:05-3323-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| Don Gore, R. Sutter; P. Tanner; Troy Spivey; Jose Demeglic; Michael E. Suggs, Donna Elder; and Q. Tucker, ) ) ) | |
| ) | |
| Defendants. ) | |
| ) | |

The plaintiff, Samuel Damon Hailey, who is proceeding pro se, filed this action on November 30, 2005. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pretrial handling. On May 5, 2006, the Magistrate Judge filed a Report and Recommendation which recommends to this court that the plaintiff's motion to proceed *In Forma Pauperis* ("*IFP*") be denied and that the plaintiff's case be dismissed without prejudice and without issuance and service of process. Specifically, with regard to the plaintiff's motion to proceed *IFP,* the Magistrate Judge notes that the plaintiff has not paid the filing fee and, despite being given the opportunity to supplement his motion, the plaintiff has failed to show he is entitled to proceed *IFP*. Further, the Magistrate Judge states that even if the plaintiff had paid the filing fee, or if his *IFP* motion were sufficiently detailed to permit the exercise of the court's discretion to grant it, this pro se case would still be subject to summary dismissal without service due to frivolity.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court.

Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of any portions of the Report and Recommendation to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

On May 2, 2006, the plaintiff filed what purported to be an untimely objection to the Report and Recommendation. After reviewing this filing, the court cannot say that it is in fact an objection to the Magistrate Judge's Report and Recommendation. The purported objection states, in pertinent part, that "[u]nder penalties of perjury, I declare that, I have examined statements regarding the United States District Court for South Carolina. Report and Recommendation authorize review of all material relevant in this case."[1]

To say the very least, this filing does not meet the specificity requirement outlined in Rule 72(b) of the Federal Rules of Civil Procedure.[2] Particularly, the plaintiff has not pointed to a portion of the

---

[1] The court notes that the plaintiff also attached several documents to his objection. One document appears to be a "Records Check" from the City of Myrtle Beach Police Department. Another document is an I.R.S. Application for an Employer Identification Number. The last document is a Wachovia Bank Deposit Account Application for Arabic Numbers, Inc., which was signed on May 10, 2006. It is apparent to this court that none of these documents constitutes an adequate response to the Court's interrogatory discussed in great detail in the Magistrate Judge's Report and Recommendation.

[2] Rule 72(b) states:

> Within ten days after being served with a copy of the recommended disposition, a party may serve and file **specific, written objections to the proposed findings and recommendations**. . . . The district judge

Magistrate Judge's Report and Recommendation to which he objects. Without specific objection to the Magistrate Judge's reasoning, the court will not discuss the conclusion reached by the Magistrate Judge any further. See 28 U.S.C. § 636(b)(1)(C) (If a party objects, the district court "shall make a de novo determination of those portions of the report or *specified* proposed findings or recommendations to which objection is made") (emphasis added); see also Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982) (failure to file specific objections to particular conclusions in Magistrate Judge's Report, after warning of consequences of failure to object, waives further review). For the reasons stated above, the court finds that the plaintiff's objection to the Magistrate Judge's Report and Recommendation is without merit.

After carefully reviewing the Report, objection, pleadings, and applicable law, the court adopts the Report and Recommendation of the Magistrate Judge, incorporates it herein, and overrules the plaintiff's objection. For the reasons stated therein and in this Order, the plaintiff's motion for *IFP* is **DENIED** and this case is hereby **DISMISSED**, pursuant to 28 U.S.C. § 1915, without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell<br>
R. Bryan Harwell<br>
United States District Judge

Florence, South Carolina
May 31, 2006

---

to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of **any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule**.

Fed.R.Civ.P. 72(b) (emphasis added).